## Miller & Gassaway v. Wabash Railroad Company.

1. INSTRUCTIONS — *should not submit questions of law to jury.* Instructions are erroneous which submit to the jury the determination of questions of law.

2. ADMISSION OF EVIDENCE—*when ground for reversal notwithstanding subsequently stricken out.* The erroneous admission of evidence, subsequently stricken out, is sometimes, in connection with other error, ground for reversal.

Action of assumpsit. Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

E. A. RICHARDSON and W. H. WHITAKER, for appellants.

E. J. MILLER, for appellee; C. M. TRAVOUS, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

On the seventh of May, 1902, appellants delivered to appellee at Sullivan, Illinois, fifty-six bales of broom corn of the value of $805.84 to be by appellee transported to Canton, Ohio, and there delivered to appellants. The corn was carried to Canton, but was not and never has been delivered to appellants, although demanded by them. The defense attempted to be set up is that the corn was attached by some parties at Canton claiming to be creditors of appellants. The court admitted in evidence, over plaintiffs'

objections, depositions and exhibits thereto attached of the railroad agent at Canton, a constable, a justice of the peace and a lawyer, all of Canton, and by that proof appellee sought to establish the attachment proceedings, the issuance of writs of attachment, the levy thereof on the corn in question and the regularity and force of all the proceedings. Subsequently the court struck out all that proof and the cause was submitted to the jury, who found their verdict for the defendant, and the court entered judgment thereon. The court correctly struck out all that proof. It should not have been admitted. Michael v. The People, 208 Ill. 604. When that proof was stricken out there remained no evidence tending to rebut the plaintiffs' *prima facie* case.

The court instructed the jury in behalf of defendant that if the jury believed from the evidence that the defendant company "has performed its undertaking of May 7th with the plaintiffs" they should find for defendant; and in another instruction that "if the defendant had done all it agreed to do with the broom corn" they should find for the defendant. The undertaking of May 7th was the bill of lading in evidence. The jury should not have been directed to determine for themselves the obligations of the defendant under that instrument. The construction of that paper was matter of law for the court. Doubtless the improper admission of evidence, although afterwards stricken out, in connection with these instructions, brought about this verdict which we feel compelled to reverse, although much inclined to affirm because of the utterly wretched abstract of the record with which we have been furnished by appellants. The judgment is reversed and the cause remanded.

*Reversed and remanded.*