## City of Joliet v. Sarah Donnelly.

### Gen. No. 4,664.

1. INCOMPETENT EVIDENCE—*when exclusion of, does not cure error in admitting.* The exclusion of incompetent evidence does not always cure the prejudice resulting from its admission.

2. REAL PROPERTY—*absence of evidence of amount of damages in dollars and cents, ground for reversal.* In an action for injury to real property evidence should be offered showing in dollars and cents the extent of the damage sustained, and the absence of such evidence is ground for reversal, where the subject is capable of precise proof.

Action on the case. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

ROBERT E. HALEY, City Attorney, for appellant.

REYNOLDS & PURKHISER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action on the case to recover damages from the appellant for injuries to the real estate and health of appellee. The appellee was owner in fee and possessed of lot 7 in block 34 in Cassiday's addition to Joliet, Will county, Illinois. Block 34 in said addition is bounded on the north by Columbus street, on the south by Liberty street, on the east by Herkimer street and on the west by Eastern avenue. Through the cen-

ter of this block extending from east to west is an alley connecting Eastern avenue and Herkimer street. One block east of Herkimer street is Collins street, and Liberty street intersects Eastern avenue, Herkimer street and Collins street at right angles. The south half of block 34 contains lots 5, 6, 7 and 8. Lot 7 faces Eastern avenue with a frontage of sixty-six feet on Eastern avenue and one hundred and thirty-two feet on Liberty street; lot 8 faces Herkimer street with a frontage of sixty-six feet on Herkimer street and one hundred and thirty-two feet on Liberty street; lot 6 lies directly north of lot 7 and faces Eastern avenue; and lot 5 lies directly north of lot 8 and faces Herkimer street. Appellee lived on the southwest corner of lot 7, the house facing on Liberty street. There was a general slope along Liberty street from Collins street to Eastern avenue, and between Herkimer street and Eastern avenue there was a fall of about seven feet. Lots 5, 6, 7 and 8 all sloped from Herkimer street toward Eastern avenue, the fall being about the same as at Liberty street. The alley above referred to was a trifle higher than Liberty street so that the waters from the south half of block 34 naturally flowed toward appellee's property.

The declaration charges that on or about 1892 the city of Joliet constructed a drain or ditch immediately south of appellee's property and along the north side of Liberty street between Collins street and Eastern avenue and constructed a culvert or sluiceway across Eastern avenue; that more than five years prior to the commencement of this suit the appellant permitted said culvert or sluiceway across Eastern avenue to be filled up or obstructed so that the waters coming down this ditch or drain were obstructed at the crossing of Eastern avenue, and by reason of said obstruction backed up and onto the property of appellee filling her yard and cellar with water, filth and polluted sewerage, and by reason of which said real estate was damaged

and rendered unfit to live in, and that the health and comfort of appellee was endangered, her furniture destroyed and her house and cellar rendered unfit to live in. The case was heard before a jury which returned a verdict for $750. A motion for a new trial was made and overruled, and a judgment entered on the verdict, from which judgment this appeal is prosecuted.

During the trial appellee, over the objection of appellant, was permitted to show that the city had repaired the sluiceway across Eastern avenue after the alleged injuries and subsequent to the commencement of this suit. The next day after the admission of this testimony, plaintiff's attorney asked leave to withdraw and exclude all questions relative to putting in a drain or tile across Eastern avenue adjacent to this property in question since the commencement of the suit, and that all answers to such questions be withdrawn and excluded, and the motion was granted, and that testimony was excluded. There may have been various reasons why the culvert was repaired by the city aside from any connection with this case, and we think that it was error to permit the evidence to go before the jury. The jury may have considered the repairing of the sluiceway as an admission of the city's obligation, or even as an admission of the plaintiff's right to recover. Hodges v. Percival, 132 Ill. 53; Howe v. Medaris, 183 Ill. 288. In view of the lack hereinafter pointed out of sufficient evidence to support the verdict, we conclude that the exclusion of this improper proof the next day after it was admitted did not efface the impression made upon the jury by its introduction.

There was no evidence before the jury as to damage to appellee's property from which a jury could estimate in dollars and cents the damages suffered. The evidence shows that the walls were damp and that the paper came off from appellee's home because of the dampness, and that bed springs became rusty, but there

was no evidence touching the value of the paper, nor of the cost of repapering the walls with paper of like value, neither was there any evidence as to the damage to furniture nor as to the value of such furniture before and after it was injured, and a mere general statement without any basis of computation is insufficient from which to approximate damages to real estate, upon which precise proof could have been introduced. In such a case it cannot be left to the whim of a jury to fix the compensation at any amount which they may deem proper, yet such was the effect of the second instruction given for the plaintiff, which was the only instruction relating to the measure of damages. It is apparent that appellee's property was situated in a natural basin and had for years received the waters coming down from the north and east, and the plaintiff's right to recover not being entirely clear, it was incumbent on the plaintiff to afford the jury some tangible means of arriving at the amount of damage appellee had suffered, and the instructions should have laid down a rule of law applicable in such cases.

In personal injury cases the rule of law does not require any witness to testify as to the amount of damages suffered, but in actions for damages to real estate, where, as here, the subject is capable of precise proof, there must be some proof from which damages in dollars and cents can be calculated by the jury, and the instructions as to the measure of damages should have been based on the evidence in the case.

For the reasons above assigned the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*