# Christ Kugel, Plaintiff in Error, v. City of Sterling, Defendant in Error.

## Gen. No. 5,460.

1. APPEALS AND ERRORS—*what abstract should show.* An abstract of a declaration should be sufficiently full as to show the statement of a cause of action.

2. EVIDENCE—*what not offer of compromise.* A claim of damage for the purpose of obtaining payment thereof is not an offer of compromise and is competent against the party making the same for the purpose of showing that subsequent claims by him are fictitious or exaggerated.

3. INSTRUCTIONS—*when erroneous upon question of damages will not reverse.* An erroneous instruction given at the instance of the defend-

ant which only tended to reduce the amount of damages which the jury should allow will not reverse if the jury found against the plaintiff on the merits.

4. EXPLOSIVES—*what damnum absque injuria.* A party buying or building a home adjacent to a city street, underneath the surface of which is solid rock, must buy with the knowledge that it may be necessary to blast out the rock for sewers and other public improvements and that he and his family may be subjected to annoyance from the noise which will thereby be occasioned, and when a city has taken reasonable precautions to muffle the noise, the unavoidable noise does not create a cause of action against the city in favor of one whose nerves are unpleasantly affected thereby.

Action in case. Error to the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911. Rehearing denied November 23, 1911.

JARVIS DINSMOOR, for plaintiff in error.

C. L. & C. E. SHELDON, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

For the purposes of this opinion, the streets in that part of the city of Sterling involved in this case will be treated as running north and south or east and west, though that description is not strictly accurate. Sixteenth avenue runs north and south. Fifteenth avenue is the next street west of it and there is a sharp descent to the west at the place here in controversy. Second street runs east and west. Christ Kugel owns two lots facing east on Sixteenth avenue, lot seven, fifty feet wide, next north of Second street, and lot eight next north of that. He lived on lot seven, having a house facing Sixteenth avenue, and a barn on the rear of the lot facing Second street, both buildings a few feet north of Second street. A tenant occupied another house facing east on Sixteenth avenue. The city of Sterling, through its Board of Local Improvements, let a contract to W. N. Nevins to construct a sewer in the center

of Second street and a cross sewer on Sixteenth avenue and various other sewers in a sewer system for that part of the city. The sewer trench in Second street along Kugel's property was about 12 feet deep and from 30 to 36 inches wide, and the greater part of this was rock, and blasts of dynamite were used to loosen the rock so that it could be removed. At the northeast corner of Second street and Sixteenth avenue, opposite Kugel's home property, an excavation was made and a catch basin was put in. The contract with Nevins was to be performed under the direction of the Board of Local Improvements and in obedience to the orders of the city engineer, and all surplus earth was to be the property of the city and to be removed to such locality as the engineer specified. The city engineer had a right to compel the discharge of incompetent workmen and, in various other ways, to control the work. Thereafter Kugel brought an action on the case against the city and filed a declaration consisting of four counts. The court sustained a demurrer to the third count. There was a plea of not guilty as to the other counts and a jury trial and a verdict for the city. A motion for a new trial was denied. Judgment was entered on the verdict and plaintiff below has sued out this writ of error to review the judgment.

Plaintiff claims, among other things, that by the blasting, rock was thrown into the air and came down upon his house and broke the shingles so that he had to reshingle his roof; and broke the plaster inside the house so that he had to replaster; that the noise of the blasting terrified his wife and family, so that they were unable properly to discharge their household duties; and terrified his horse in the barn so that he jumped into the manger and was injured; and that in putting in said catch basin a ridge of earth was left about the catch basin and that during a heavy flood thereafter, this earth diverted the water over plaintiff's lot and

filled his well and cellar and washed dirt off his lot, and that he was otherwise injured thereby.

The assignments of error question the ruling of the court in sustaining the demurrer to the third count. To present this question for review, the third count should have been sufficiently abstracted to show that it stated a good cause of action. The abstract contains a very meagre statement of the third count, and does not show that it states a cause of action. Moreover, that which the abstract shows was contained in the third count was stated in other counts on which issue of fact was joined, and all proof which plaintiff could have introduced under the third count was introduced under other counts. Plaintiff therefore was not injured by the order sustaining a demurrer to the third count.

Plaintiff had witnesses who testified that rock was thrown upon his house and lot by the blasting in the sewer. Defendant had witnesses who showed that the place where the blasting was to be done was covered by timbers and by plank before the blasting, and that rock was not thrown therefrom, and that it could not be thrown from so narrow a sewer so as to reach the roof of plaintiff's house at the distance it stood from the center of the street. Plaintiff's important witnesses were related to or connected with him. Some of defendant's witnesses were disinterested. The testimony of plaintiff's witnesses was in many respects improbable and unreasonable. The injury by blasting, if any, was between July 10, and August 31, 1907, and the injury by water, if any, was clearly in the fall of 1907, though plaintiff testified it was in June, 1908. Plaintiff was working all this time for the city and in daily contact with its officers in the street department. He made no complaint, except of the slightest character, till January, 1909, when he presented to an alderman a bill against the city and requested the alderman

to present it to the city council, which he did.  The body of said bill was as follows:

"The City of Sterling,
          To Christ Kugel, Dr.
1907.

Sept. &   To damages done to my property on lots 7
Oct.      and 8 in Block 33 East of Broadway, in the
          City of Sterling, Illinois, by blasting stone in
          the pathway of a proposed sewer, $50.00.''

This was a year and a half after the alleged injuries. He did not then claim any injury to his wife and family or to his horse or by an overflow of water.  He only claimed $50 then, while now he claims $500.  His testimony as to the horse was that during the noon hour, while his horse was feeding in the barn, a blast was fired and he then heard a noise in the barn and he went out and found the fore feet of his horse in the manger and one hind foot in the partition; that he sawed out the manger to release the horse and that the horse was somewhat bruised, and thereafter the horse was "scary," and decreased in value $60.  It was his conclusion only that the noise of the blast caused the horse to get into the manger. Other blasts, both before and after that, had no such effect upon the horse.  Defendant proved that no blasting was done during the noon hour. This horse was one of a team which plaintiff was using in the service of the city, and the proof showed that he kept right on working for the city with this team, the same after as before the alleged blast.  These and various other matters tended to show that this was a trumped-up claim against the city.  The overflow of water was during a very heavy fall of rain.  Plaintiff testified that it was in June, 1908, but the clear preponderance of the evidence was that it was in the fall of 1907.  It is a fair inference from the proof that the city was not responsible for the overflow and that plaintiff greatly magnified its effect upon his property.  Not

only did plaintiff make no claim till a year and a half after the blasting was done, but he did not begin suit till February 28, 1910, two years and a half after the alleged injury. If the jury had found a small verdict for plaintiff and thereby shown that it believed plaintiff's witnesses, the evidence is such that it would have been sustained, though plaintiff did not prove the proper basis for the allowance of his damages, under City of Joliet v. Donnelly, 129 Ill. App. 119, if the jury had found in his favor, but as the jury found against plaintiff, thereby finding that the liability of the city was not established by a preponderance of the evidence, it is unnecessary to discuss the defects in his proof as to the amount of his alleged damages.

Plaintiff contends that it was error to admit in evidence the bill he presented the city. This was not, as plaintiff claims, an effort at a compromise of a disputed claim. He had never before presented any claim against the city nor notified its officers that there was anything to compromise. The bill was competent as tending to show that he did not then claim that his horse or his wife and family had been injured, and did not then claim any damage for overflow of water, and that he then estimated his damages at a much less sum than he now demands. These all went to the genuineness and good faith of the claim made in this suit. The bills against the city for plaintiff's services which defendant introduced, may not have been specially material, but they tended to show that the horse was not so badly injured but that he could earn money from the city for plaintiff directly after as well as before the injury.

Plaintiff complains of defendant's third given instruction. It authorizes the jury to consider plaintiff's claim presented to the city, and his omission therefrom of various matters for which he now claims damages, in determining whether he did sustain in-

juries on account of these other matters. The only objection to this is that it singles out one feature of the case. But as the instruction only tended to reduce the amount of damages the jury should allow plaintiff in case they found for plaintiff, and as they found against plaintiff, this instruction did not injure plaintiff. Plaintiff complains of the fourth instruction, given at defendant's request, which was to the effect that if the jury found that the use of blasting powder or dynamite was necessary in the construction of the sewer, and that defendant did not use any larger charges than were reasonably necessary, and that defendant took reasonable precautions to prevent any greater noise than was reasonably necessary, then, though plaintiff's horse was frightened and jumped into a manger, or the family was frightened by the noise, yet this would not create any liability against defendant. Plaintiff's position is that if a city uses an explosive for blasting rock to construct a sewer in a street, the city is liable in damages to any person residing in the vicinity whose nerves may be disturbed by the noise of the explosion. We cannot sustain this view. A party buying or building a home adjacent to a city street, underneath the surface of which is solid rock, must buy with the knowledge that it may be necessary to blast out the rock for sewers and other public improvements and that he and his family may be subjected to annoyance from the noise which will thereby be occasioned. The principle plaintiff contends for would practically prevent sewer improvements. We are of opinion that when a city has taken reasonable precautions to muffle the noise, the unavoidable noise does not create a cause of action against the city in favor of one whose nerves are unpleasantly affected thereby. We approve the principle of the instruction. Defendant's sixth given instruction was that, if water from any rain fall caused damage to plaintiff without negligence on the part of the defendant, then defend-

ant would not be liable for such damages. We see no objection to this instruction. The other two instructions given for defendant, of which complaint was made, related to the amount of damages plaintiff could recover if he obtained a verdict, and are unimportant, as the jury found against the plaintiff.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*