SYLVESTER DE WITT

*v.*

ELIZABETH BRADBURY.

EJECTMENT—*proof of title by possession, claiming fee.* Where a person goes into possession of land under a deed purporting to convey to him a title in fee simple, improves the same and continues to occupy the same up to his death, and in his will claims the land as his home place; a part of which he devises to his wife for life, proof of these facts by the wife in an action of ejectment by her is sufficient evidence of title to authorize a recovery. The claim of title need not necessarily be expressed in words. It may be shown by acts.

APPEAL from the Circuit Court of Brown county; the Hon. C. L. HIGBEE, Judge, presiding.

This is an action of ejectment, brought by appellee against appellant, at the March term, 1876, of the circuit court of Brown county, for the recovery of the south half of the south-east quarter of section 34, township 1 south of range 2 west of the fourth principal meridian. Such proceedings were had that at the March term, 1877, a trial by the court was had (the defendant having interposed a plea of not guilty) and the issue was found for plaintiff, and that she was the owner of a life estate in the premises, and judgment followed the finding. Appellant excepted to this finding, and seeks a reversal of this judgment upon the ground that (as he claims) plaintiff did not show title.

At the trial plaintiff read in evidence a deed by Hiram Barker and wife to Benjamin F. DeWitt, by which, for the expressed consideration of $1600 to them in hand paid, the grantors conveyed by quitclaim and release to Benjamin F. DeWitt, and to his heirs and assigns forever, the south-east quarter of said section 34. This deed bears date October 23, 1852, and was duly acknowledged and recorded upon that day.

A witness for plaintiff testified that he had known the premises for thirty years, and that for several years immedi-

ately prior to the date of that deed, Hiram Barker had been and was in the sole and actual possession of the same, claiming to be the owner in fee; that he cleared and fenced a considerable part of the premises and planted trees thereon, and raised crops thereon, and used the same as a farm, and erected buildings and other improvements thereon.

The same witness further testified that immediately after the date of the deed Benjamin F. DeWitt went into the actual and exclusive possession and occupancy of the premises, and used and cultivated and controlled the same, and claimed the same in fee for eleven or twelve years; that during that time he reduced other parts of the premises to cultivation, and enclosed the whole of the land not previously fenced and enclosed by Barker, and continued to control and cultivate the premises until his death, which occurred in September, 1872.

On cross-examination this witness said that he could not remember that he had ever heard Benjamin F. DeWitt say anything about claiming to be the owner in fee; and further testified that appellant, Sylvester DeWitt, had been in possession of the land for the last ten or twelve years.

Appellee further proved that she was the wife of Benjamin F. DeWitt for many years before and at the time of his death, and that before this action she intermarried with James Bradbury; and then produced in evidence the record of the probated will of Benjamin F. DeWitt, dated in August, 1872, by which he " gave, devised and bequeathed " unto his wife, Elizabeth DeWitt, " the east half of the same section (34) thirty-four," calling it (with an adjoining tract) " my home farm, upon which my dwelling house is situated." This was all the evidence.

Mr. W. H. BARNES, for the appellant.

Mr. WILLIAM L. VANDEVENTER, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

Appellant insists that plaintiff failed to show title, in this, that there is no proof that Benjamin F. DeWitt claimed title to the land in fee. This position is sought to be sustained on the ground that no witness has testified to having heard him say anything about claiming in fee, or how he claimed. This position is not tenable. Barker's deed professes to convey an estate of inheritance. Immediately after its date Benjamin F. DeWitt took actual possession, and during his life treated it as his own absolute property, by occupying, cultivating and improving it, and before his death by his will claimed it as his home place.

It is plain he claimed title in fee. It is not at all necessary that such a claim should be expressed in words.

The judgment must be affirmed.

*Judgment affirmed.*