## Nathan Frank v. Frank M. Palmer.

1. FORCIBLE DETAINER—*Possession and Ownership.*—Ownership of land carries with it the right of possession, and possession of land by one claiming it in fee is, *prima facie*, evidence of such ownership.

2. EVIDENCE—*Of Ownership.*—Prior possession alone is evidence of a fee, and although the lowest, until rebutted by a higher evidence, it must prevail.

3. POSSESSION—*As Evidence of Ownership.*—Possession is *prima facie* evidence of ownership, and as between the parties who rely upon possession solely, the presumption of ownership is in favor of the first possessor; so that proof of possession by a claimant, however short, will entitle him to recover unless the defendant can account for such possession or show a prior possession or title in himself or a third person.

Forcible Detainer.—Appeal from the Circuit Court of DeWitt County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

P. T. SWEENEY and E. J. SWEENEY, attorneys for appellant, contended that the forcible entry and detainer act, as it existed prior to 1874 (Gross' Statutes, Vol. 2, p. 187), provided that "when entry is made into vacant and unoccupied lands without color of right or title," the person entitled to the possession may be restored thereto. In 1874 the present law was enacted, that "when entry is made

into vacant and unoccupied lands without right or title," possession may be restored, etc. By this enactment the legislature intended to provide a summary remedy where entry is made upon vacant or unoccupied lands, without right or title. This remedy, by the summary proceeding of forcible entry and detainer, exists in favor of the owner of real estate whose constructive possession is invaded by an intruder without right or title. The addition of clause 3, as it now exists, was intended as a remedial enactment by the legislature to provide a summary and complete remedy against persons who might take actual possession of vacant or unoccupied lands. Courts, in construing a remedial statute, will consider the old law, the mischief and the remedy, and construe the statute so as to suppress the mischief and advance the remedy. Mans v. Logansport, Peoria & Burlington R. R. Co., 27 Ill. 77; Jackson v. Warren, 32 Ill. 77; People v. Green, 43 Ill. 213; Ball v. Chadwick, 46 Ill. 28; Wright v. People, 101 Ill. 126; People v. Wabash Ry., 104 Ill. 476; Conklin v. Ridgely, 112 Ill. 36; Pana v. Lippencott, 2 Ill. App. 466; Honore v. Wiltshire, 109 Ill. 103.

A warranty deed of land duly executed and recorded, raises a presumption that the grantor had a title which he could convey, and that he has, by his deed, vested a *seizin* in the grantee, citing the following case: Farwell v. Rogers, 99 Mass. 33; Proprietors, etc., v. Call, 1 Mass. 484; Ward v. Fuller, 15 Pick. 185; Towne v. Butterfield, 97 Mass. 105; Newell on Ejectment, 437.

Proof of possession is *prima facie* evidence of a fee simple title. When such a *prima facie* case is made by plaintiff it must be overcome by proving a paramount title in defendant, or in a stranger. Harland v. Eastman, 119 Ill. 22; Barger v. Hobbs, 67 Ill. 592; DeWitt v. Bradbury, 94 Ill. 446; Keith v. Keith, 104 Ill. 307.

MOORE & WARNER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT. This is an appeal from a judgment for defendant in an

action of forcible detainer, brought under the third clause of
Sec. 2, Ch. 57, which provides that the person entitled to
possession may be restored thereto when entry is made into
vacant or unoccupied lands or tenements without right or
title.    The ownership of land carries with it the right to
possession and the only question here is whether the ap-
pellant made sufficient *prima facie* proof of ownership.    It
was proved that one Madden was in possession of a tract of
which this is a part for some years, at least seven or eight,
and then laid out the tract into lots as an addition to the
town of Clinton, and that he conveyed the lot by warranty
deed to the grantors of the appellant.

It has been repeatedly held in this State that possession
of land, claiming it in fee, is *prima facie* evidence of such
ownership, and as was said in DeWitt v. Bradbury, 94 Ill.
446, " it is not at all necessary that such a claim should be
expressed in words."    There the possessor cultivated and
improved the land, and by his will designating it as his home
place, devised it to his wife.    Here we have coupled with
possession the act of laying out into town lots, thereby ded-
icating to the public in fee the portions marked as streets
and alleys.    This action is that of a man who claims the
absolute dominion of the land.    True, a man asserting a
lesser claim might make such a plat, but it is quite unlikely,
and it is to be presumed that one who assumes thus to treat
a parcel of land claims such a title thereto as would justify
him in so doing.    After having made such plat he conveyed
the lot in question by warranty deed in which he distinctly
asserted his title and covenanted to defend the same to the
grantee, his heirs and assigns, against all the world.    In
Massachusetts it is held that such a deed raises presumption
of title in the grantor.    Town v. Butterfield, 97 Mass. 105;
Farwell v. Rogers, 99 Mass. 35; Newell on Ejectment, 433,
Sec. 13.

Prior possession alone is evidence of a fee, and although
the lowest, until rebutted by a higher, it must prevail.
Herbert v. Herbert, Breese R. 278; Keith v. Keith, 104 Ill.
397.    In Adams on Ejectment, 4th Ed., 137, it is said :

"It has already been observed that possession is *prima facie* evidence of ownership, and as between two parties who rely upon possession solely, the presumption of ownership is in favor of the first possessor, so that proof of possession by a claimant, however short, will entitle him to recover unless the defendant can account for such possession or show a prior possession or title in himself or a third person."

See same author, page 324, Gr. on Ev., Vol. 2, Sec. 309.

We are of opinion the judgment is erroneous. It will therefore be reversed and the cause remanded.