WILLIAM J. KELLY et al. Appellants, *vs.* EZRA FAHRNEY et al. Appellees.

*Announced orally April 8, 1909.*

1. BRIEFS—*all parties on same side of controversy must unite in brief.* Even though different counsel represent different parties, all being on the same side of the case, they must nevertheless unite in a single brief, it not being permissible for each individual party to file a separate brief.

2. SAME—*briefs which are in violation of Practice rule 15 will be stricken from files.* Briefs which are of unreasonable length and which set out in full the evidence appearing in the abstract, instead of referring to the pages of the abstract, are in palpable violation of Practice rule 15 of the court, (vol. 235, p. 14,) and will be stricken from the files by the court of its own motion.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding.

Mr. Justice Dunn announced the opinion of the court:

In this case two briefs have been filed on behalf of the appellees by different counsel,—one of 447 pages and the other of 314 pages, making a total of 761 pages. The appellants, having filed a brief of only 478 pages, have entered their motion to compel the appellees to elect on which of their briefs they will rely, and that the brief not selected shall be stricken from the files.

An examination of all the briefs which have been filed in the case shows that all are in violation of the rules and practice of the court. No party is allowed to file two briefs in a case. Litigants may employ as many counsel as they deem necessary for the protection of their interests, but if more than one appear on the same side they must unite in the brief that is filed in this court.

It is suggested in opposition to appellants' motion that the counsel filing the two briefs represent different defendants. In view of the fact that each appeared for and represented all the defendants in the circuit court no reason appears why the same may not be done here. It it not permissible for each individual party to file a separate brief, but all on the same side of the controversy must unite in one brief.

Rule 15 of the court requires the brief of the appellant to contain a short and clear statement of the case and a statement of the points made and the authorities relied upon in support of them, and this may be followed by an argument, which shall be confined to a discussion and elaboration of the points made in the brief. Evidence must not be copied at length, but reference must be made to the abstract.

The briefs filed in this case are in palpable violation of this rule. Instead of a short and clear statement of the case the appellants have inserted in their brief a copy of the master's report, occupying 90 pages, which appears also in the abstract. An appendix of 94 pages has been filed, which is devoted to a discussion of the opinion of the Appellate Court.

One of the briefs of the appellees contains no statement of points and authorities, and the rule is violated in the briefs by the extensive copying at length of the evidence which appears in the abstract. In one of the briefs it is suggested that this course is adopted for the purpose of shortening the work of the court, and if the evidence should not be in the brief the court is not required to read it. If counsel desire to assist the court in the consideration of their cases, they will do so best by a strict adherence to the rules in regard to the preparation of their briefs and arguments. The rules have been adopted by the court as the result of the experience of the court as to what assists in the consideration of the cases. The briefs and arguments in this case already filed amount to over 1200 pages, and there is still a reply brief to be filed by the appellants.

As has been said, the briefs filed are in violation of the rule and contain a mass of material which imposes an unnecessary burden on the court. The briefs of both parties will have to be condensed within a reasonable compass. Those now on file will be stricken from the files. The cause will be continued, and the appellants will have leave to file a brief in compliance with the rule by April 24. The appellees will have until May 15 to file a single brief, and the appellants may reply by May 25.

*Briefs and arguments stricken from files.*