(No. 12798.—Decree affirmed.)

MARIA L. JONES, Appellant, *vs.* DAN SCHMIDT *et al.* Appellees.

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

1. DEEDS—*there is a strong presumption in favor of delivery in case of voluntary settlement—burden of proof.* The law presumes much more in favor of the delivery of a deed of voluntary settlement than of ordinary bargain and sale, especially where the grantee is an infant, and the burden of proof is on the party claiming adversely to show that there was no delivery.

2. SAME—*what constitutes a delivery.* A delivery is essential to the validity of a deed, and to constitute a delivery the grantor must part with control over the deed and retain no right to reclaim or recall it.

3. SAME—*testimony of custodian that he would have returned deed if called for does not defeat delivery.* The fact that the custodian of a deed testifies that if the grantor had called for the deed he would have given it to him does not show a non-delivery and raises no presumption as to the intention of the grantor.

4. SAME—*intention of grantor as to delivery is not affected by unauthorized indorsement on envelope containing deed.* Where a deed is delivered in escrow the grantor is not responsible for what a third party may write on the envelope containing the deed, and the grantor's oral instructions at the time the deed was delivered cannot be overcome by the subsequent unauthorized act of another.

APPEAL from the Circuit Court of DeWitt county; the Hon. GEORGE A. SENTEL, Judge, presiding.

HERRICK & HERRICK, for appellant.

GEORGE J. SMITH, for appellee Dan Schmidt.

220 — 7

L. O. WILLIAMS, guardian *ad litem,* for appellee John R. Schmidt.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant filed her bill in the circuit court of DeWitt county asking partition of forty-eight acres of land, described as the west half of the northwest quarter of the southwest quarter of section 21 and all the east half and eight acres off the south end of the west half of the southeast quarter of the southeast quarter of section 20, all in township 21, north, range 2, east of the third principal meridian, situated in DeWitt county, Illinois. The bill alleges that John A. Schmidt was the owner of said lands in his lifetime; that as to these lands he died intestate in 1915, leaving him surviving his two children, W. Dan Schmidt and the appellant, as his only heirs-at-law; that John R. Schmidt is the minor son of Dan Schmidt; that John R. Schmidt and the John Warner Bank each claim some interest in the premises but that their claims are without foundation. John R. Schmidt, the infant defendant, by L. O. Williams, his guardian *ad litem,* answered the bill in the usual form, demanding strict proof, and further answering denied that John A. Schmidt died seized in fee simple of the lands sought to be partitioned, and alleged title in himself by virtue of a certain warranty deed executed by John A. Schmidt on February 1, 1911. Dan Schmidt answered, neither denying nor admitting the ownership of the land, and denied generally the other allegations of the bill. The bank answered, denying all the allegations of the bill, and stated that it held three envelopes, upon each of which was the following inscription: "Feb. 1, 1911.—This within deed to be delivered to W. D. Schmidt at my decease, in case same is not recalled during my lifetime by me," and that one of the envelopes, in addition to the foregoing, stated it was to be delivered "for the pur-

pose of recording." The cause was referred to the master to take evidence and report his findings and conclusions. The master found in favor of the appellant and overruled objections filed by appellees to his report. The objections were ordered to stand as exceptions to the master's report, which was filed, and the chancellor sustained the exceptions and held that the deed to John R. Schmidt was a valid conveyance, legally delivered, and dismissed the bill for want of equity. The cause is brought here by appeal.

The only question presented for review is, was there a delivery of the deed? The evidence shows that the deed was executed February 1, 1911, and that John A. Schmidt (hereinafter referred to as the grantor) died February 20, 1915; that at the time of the execution of the deed John R. Schmidt (hereinafter referred to as the grantee) was about four years of age; that the deed was the usual form of warranty deed, with no reservation of a life estate to the grantor. On the day the deed was executed the grantor went to his attorney, W. F. Gray, in Clinton, Illinois, and told him the disposition he wished to make of his real estate, and had three deeds prepared conveying certain of his lands to his children, Maria L. Jones and Dan Schmidt, and his grandchild, John R. Schmidt, respectively. After the deeds were executed he requested Gray to hold them for delivery after grantor's death. Gray, being then interested in litigation against Dan Schmidt, advised grantor he could not hold the deeds, so it was decided to leave them with the John Warner Bank of Clinton until the litigation was concluded. Gray placed the deeds in envelopes and wrote the name of the grantee on the outside of each. The grantor and Gray then went to the bank and John Warner was told that the grantor wished to leave the three deeds at the bank, to be delivered at the grantor's death to the persons whose names appeared on the envelopes. Warner required them to leave a memorandum of directions on each envelope. Gray then wrote the following on the envelope

containing the deed now in question: "Feb. 1, 1911.—This within deed to be delivered to W. D. Schmidt for the purpose of recording at my decease, in case the same shall not be recalled by me during my lifetime," and at the left end of the memorandum appears the name, "John R. Schmidt." The inscription on the other two envelopes was substantially the same as the above, except that on the one marked "W. D. Schmidt," the words "for the purpose of recording" were omitted. The names "W. D. Schmidt" and "M. L. Jones," respectively, appear on the other two envelopes, the one written at the right end and the other at the left end of the memorandum. The grantor did not sign his name to the memoranda on the envelopes. Gray testified that the grantor did not say anything about reserving the right to recall the deeds and that the grantor did not know what was written on the envelopes. He explains the reservation in the memoranda by saying that he had in mind his recalling the deeds from the bank in case he was in a position to hold them before the grantor's death. The evidence further shows that the bank understood that either the grantor or Gray could call for and receive the envelopes at any time. June 16, 1914, while Gray was dictating a will for the grantor, Gray inquired of the grantor if he had any real estate to dispose of by the will. Grantor replied, "I have no real estate; I deeded it all away; you know that." This also appears in the third clause of his will, which is as follows: "Having heretofore made provision concerning my real estate, I do not desire to add any further provision by this my last will and testament." It also appears from the evidence that the grantor frequently expressed the intention of disposing of his real estate as he did by these deeds, and that during his last years he repeatedly stated that he had given the farm to his grandson. The evidence further shows that after the execution of the deed the grantor continued to exercise ownership of the lands in controversy and paid

the taxes thereon until his death. This is substantially all the evidence in the case.

We are convinced that the evidence conclusively shows that the grantor thought he had effectually disposed of all his real estate, and the only question remaining is whether he manifested this intention by his acts in such a way that the courts can hold the deed to be a valid and effective instrument of conveyance. The law on this subject has been so many times discussed, and is therefore so well settled in this State, that a further discussion of it here would be of no material value.

It is well settled by the adjudicated cases that the law presumes much more in favor of the delivery of a deed of voluntary settlement than an ordinary bargain and sale,— and this is especially true where the grantee is an infant. (*Baker* v. *Hall,* 214 Ill. 364; *Riegel* v. *Riegel,* 243 id. 626; *Hill* v. *Kreiger,* 250 id. 408.) A delivery is essential to the validity of a deed, and to constitute a delivery the grantor must part with control over it and retain no right to reclaim or recall it. (*Noble* v. *Tipton,* 219 Ill. 182; *Stevens* v. *Stevens,* 256 id. 140; *Hudson* v. *Hudson,* 287 id. 286.) Where, as in this case, the presumption is in favor of delivery, the burden of proof is on the one claiming adversely to show that there was no delivery. (*Thurston* v. *Tubbs,* 257 Ill. 465.) The law has regard to the relationship of the parties and the motives that are presumed to prompt the making of such a deed and casts the burden upon those claiming under the grantor to show that there was no delivery; and the fact that the custodian of a deed testifies that if the grantor had called for the deed he would have given it to him does not show a non-delivery and raises no presumption as to the intention of the grantor. *Riegel* v. *Riegel, supra.*

The grantor delivered these deeds to his attorney with the request that he hold them until grantor's death and then deliver them to the respective grantees. There was no res-

ervation made by the grantor. At the attorney's suggestion the deeds were deposited with the banker with the same instructions. The latter requested that the directions be written, and in compliance therewith the attorney made a memorandum on the envelope containing the deed in question. But the evidence clearly shows that the grantor did not dictate this memorandum nor did he sign or otherwise approve it. The grantor is not responsible for what a third party may have written on the envelope containing this deed. His oral instructions at the time the deed was delivered cannot be overcome by the subsequent unauthorized act of another. He did not attempt at any time during his lifetime to recall the deed, nor is there any evidence of any expression by him showing that he reserved any right to recall it. On the other hand, he repeatedly stated to friends and neighbors that he had deeded the farm to the grantee, and in his will, dated three years after the delivery of the deed, he expressly stated that he had disposed of all his real estate.

The chancellor properly held that the deed in question was a valid deed legally delivered, and that it made a valid conveyance of the premises in question to appellee John R. Schmidt.

Appellant directs our attention to the fact that appellees have filed separate briefs, in violation of the rules of this court. The defenses interposed by appellees, John R. Schmidt and Dan Schmidt, are identical, and no excuse is offered for this violation of the rules. These briefs might properly be stricken, (*Kelly* v. *Fahrney,* 239 Ill. 317,) but since appellant has replied we will permit all briefs to stand. This must not, however, be accepted as a precedent approving the practice indulged in by counsel for appellees.

The decree of the circuit court is affirmed.

*Decree affirmed.*