(No. 31230.—

LAURA SCHNEPPER *et al.,* Appellants, *vs.* MAGGIE F. ASH-LOCK *et al.,* Appellees.

*Opinion filed November 22, 1949.*

TOLLIVER & BAYLER, of Louisville, for appellants.

SMITH, McCOLLUM & RIGGLE, of Flora, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellants, Laura Schnepper, William Schnepper, Jr., Francis Schnepper and Lula LaRue, brought suit in the circuit court of Clay County against Maggie F. Ashlock and J. B. Ashlock, her husband, the appellees, for the purpose of having title to the real estate here involved declared in appellants and appellee Maggie F. Ashlock, as tenants in common. They also ask that their rights and interests in the premises be declared and that the master in chancery be directed to execute a deed of conveyance to the parties as so declared. They further request that a deed of the premises to Maggie F. Ashlock from her mother, Belle Schnepper, dated January 22, 1943, be held void and of no effect and the record thereof cancelled. The complaint also prayed for an accounting. There were other parties defendant to the suit but their interests have been protected by stipulation so that the dispute is narrowed to one between the appellants and the appellees. A freehold is necessarily involved, which gives us jurisdiction.

Appellee Maggie F. Ashlock filed a counterclaim praying that she be adjudged to be the owner of the fee of the real estate, subject only to the rights of the other defendants whose interests have been stipulated, and praying also that the appellants be found to have no interest whatsoever in the premises and that the claimed interests of appellants be adjudged to be mere clouds upon her title and removed therefrom, and that she be decreed entitled to certain oil royalties due her which were being withheld by reason of the claims of appellants.

Answers were filed, and, the issues having been settled, the cause was heard before the judge, who denied the relief sought by appellants and dismissed their complaint for want of equity. The court decreed Maggie F. Ashlock to be the owner in fee simple of the real estate in question, viz.: the northeast quarter of the northeast quarter of

section 14, township 4 north, range 8 east of the third principal meridian, in Clay County, subject to the rights of other defendants herein whose interests have been taken care of as aforesaid. The appellants were held to have no interest whatever in the real estate and their claims were decreed to be mere clouds upon the title of said Maggie F. Ashlock, which the court removed. Maggie F. Ashlock was held to be the owner of the oil royalties in question.

Belle Schnepper was the mother of Maggie F. Ashlock, William Schnepper and Lula LaRue. William Schnepper departed this life on December 5, 1943, intestate, leaving Laura Schnepper, his widow, and William Schnepper, Jr., and Francis Schnepper, his sons, him surviving. His widow and sons joined with Lula LaRue as plaintiffs in this case

October 10, 1938, Belle Schnepper executed three separate deeds, one in favor of Maggie F. Gumble (whose married name is now Magggie F. Ashlock,) her daughter, one in favor of William Schnepper, her son, and the other in favor of Lula LaRue, her daughter. Each deed conveyed a one-third interest in the forty acres above mentioned but how the respective interests were described is not clear in the record. Maggie remembers that her deed covered the west thirteen and a third acres of the tract, upon which the buildings were located, while her sister Lula thought each deed covered an undivided one-third of the whole.

The evidence conflicts sharply as to what was said by the grantor concerning the deeds after their execution. The deeds were drawn by W. O. Bunn, a notary public, in his store at Sailor Springs, Illinois. Besides the notary, the grantor and her two daughters were present. After the deeds were executed the notary handed them to the grantor and she asked him what she could do with them. Maggie testified that Bunn then replied: "You can hand them to some good old friend or some neighbor or Maggie there can keep them," whereupon the grantor then handed them back to Bunn saying: "I'll let you keep them until

I call for them, till I want them again." Lula testified that after the deeds were prepared Bunn held them in his hand and the grantor said: "Now, Mr. Bunn, I want you to keep these deeds until I am dead and gone and then deliver them to the children."

Bunn was called as a witness. He was then eighty-five years of age, the deeds having been made at least ten years prior thereto. When first interrogated about what the grantor said, or any direction given with reference to the deeds, he answered: "Well, just what she said to me I just don't know as I can remember. Its been a long time ago." After some further questioning he said: "I took them with the understanding I was to hold them and keep them and to deliver them to the children when the old lady was dead. I took them with that understanding. I don't know just exactly how she expressed it, but I took them and they was left with me—I am sure of that—to be kept and delivered when the old lady died." The witness was recalled after the noon recess and, after stating that they all talked together after the deeds were executed, said that he got an understanding he was to keep the deeds in his possession and deliver them to the parties the deeds were made to. He denied that the grantor said anything to him about leaving them with him and she could recall them. The deeds were kept by Bunn in one envelope upon which he wrote merely the name "Mrs. Belle Schnepper."

In the summer of 1948 Virginia Woodard (daughter of Maggie F. Ashlock) talked with W. O. Bunn at his store and asked him what her grandmother, Belle Schnepper, told him to do with the deeds and he said that she said for him to hold them till she called for them. He denied making such statement.

April 24, 1940, a post card written by the daughter Maggie at her mother's request was mailed to W. O. Bunn requesting that the deeds be sent by him immediately to the mother at her address, Noble, Illinois. In compliance

with that request Bunn mailed the deeds April 27, 1940, to Mrs. Schnepper and she received and receipted for them on the 29th of the same month.

About three years thereafter, on January 22, 1943, the mother, Belle B. Schnepper, a widow, conveyed all of the forty acres to her daughter Maggie, whose name was then Maggie F. Gumble. Belle Schnepper died on May 16, 1943. This deed was prepared by attorney A. N. Tolliver at his office in Louisville, Illinois. The mother and Maggie and the latter's daughter Virginia, with a girl friend, had gone to the attorney's office to have the deed made. It was recorded the same day and thereafter mailed to the grantee. Upon returning home the grantor in the presence of her daughter Maggie and granddaughter Virginia, took the three deeds of October 10, 1938, tore them in two and threw them on the fire where they were consumed and destroyed.

It is claimed by appellants that the three deeds of October 10, 1938, were delivered on the day of their execution in such manner that all control over them passed from the grantor and they could not thereafter be recalled or changed by her. They also contend that the deed of January 22, 1943, to Maggie is void because the mother was old and incapacitated from attending properly to business, and that Maggie fraudulently took advantage of her condition and induced her to sign the deed, and that it is therefore void. They claim that it is void for the further reason the title to the premises therein described had already been conveyed by the grantor to her three children as aforesaid.

The evidence falls far short of being sufficient to show mental incapacity of the grantor or to show that she was unduly influenced. On the other hand, the record establishes that she had sufficient mental capacity to make a deed and that she often stated she would deed the premises to the one who would take care of her. Maggie was taking

care of her when the deed was made and continued to do so until the mother died. Where the chancellor sees the witnesses and listens to their testimony, his findings of fact will not be disturbed by this court unless they are manifestly against the weight of the evidence. *Evangeloff* v. *Evangeloff*, 403 Ill. 118; *Greer* v. *Carter Oil Co.* 373 Ill. 168; *Hadley* v. *White*, 367 Ill. 406.

The record is not clear as to the description contained in each of the three deeds of October 10, 1938. We cannot therefore establish title to any given portion of the forty acres in the surviving children of Belle Schnepper and her grandchildren, the children of her deceased son, William Schnepper. The evidence shows that one of the daughters remembered that her deed called for the west thirteen and one-third acres off the forty acres, whereas the other daughter remembered that the deed to her covered an undivided one-third interest in the whole forty, which would include a portion of the tract claimed by her sister. For us to establish a deed upon parol testimony the proof must be clear and convincing, as public policy demands that proof of the existence and contents of the instrument should be strong and conclusive before the court will establish title by parol testimony. *Stephens* v. *Collison*, 330 Ill. 48; *Shipley* v. *Shipley*, 274 Ill. 506.

Appellants argue that voluntary settlements are favored in equity; that the law presumes much more in favor of the delivery of the deed in such cases than it does in ordinary cases of bargain and sale, and that in such case the presumption of law is that there was a delivery, and, when brought in question, the burden is upon the grantor, or those claiming through the grantor, to show clearly that there was no delivery. Among cases so holding are *Waters* v. *Lawler*, 297 Ill. 63, and *Jones* v. *Schmidt*, 290 Ill. 97. But whether or not a deed has been so delivered depends on the intention of the grantor and the determination of that question depends on the evidence and circumstances of each

case. *Stanford* v. *Stanford,* 371 Ill. 211 ; *Wilson* v. *Wilson,* 158 Ill. 567.

The intention of a grantor to deliver a deed may be shown by direct evidence or presumed from acts and declarations of the parties, and, in like manner, presumption of delivery may be rebutted and overcome by proof or presumption of a contrary intention. (*Pemberton* v. *Kraper,* 289 Ill. 295; *Stanford* v. *Stanford,* 371 Ill. 211.) When a grantee claims under a deed not in his possession at the death of the grantor, he has the burden of proving delivery, and it is incumbent upon the grantee to overcome the *prima facie* case against delivery by showing the terms and conditions of the escrow and their complete performance. *Huber* v. *Williams,* 338 Ill. 313.

Taking all the facts and circumstances into consideration in the case before us and considering the rules of law applicable thereto, we cannot say that the chancellor erred in his findings and conclusions, and the decree of the circuit court is therefore affirmed.

*Decree affirmed.*