William C. Theofanopoulos and Sophia C. Theofanopoulos, Plaintiffs-Appellees, v. Harold Liddell, Defendant-Appellant.

Gen. No. 63–O–20.

Fourth District.
November 21, 1963.
Rehearing denied December 30, 1963.

Craig & Craig, of Mt. Vernon (Glenn E. Moore and Ronald W. Polston, of counsel), for appellant.

Loy & Cochran and Gerald T. Quindry, both of Fairfield, for appellees.

CULBERTSON, P. J.

The plaintiffs in this action, as copartners in the business of clearing land, filed an action as against

defendant, Harold Liddell, on an oral contract for clearing certain land. The owner of the land was a corporation, Sherwood Land Company. The complaint alleged a balance due of $15,640. Judgment was entered against the defendant in that amount and the judgment was made a lien on the land, but upon a post-trial motion the Court set aside the decree in so far as it made the judgment a lien upon the land of Sherwood Land Company, but left the judgment against the defendant Liddell in force for the full amount thereof. The defendant, Harold Liddell, appealed from such judgment, but on April 2, 1963 the Trial Court entered an order dismissing the appeal on the ground that the report of proceedings had not been filed in the office of the Clerk of the Court within a period of fifty days, as provided by the rules. Without objection by plaintiffs, on April 9, 1963, the Trial Court granted defendant Liddell leave to file a supplementary notice of appeal, praecipe, and supplementary record on appeal. This cause is now before us on appeal from the judgment against defendant, Harold Liddell, and also from the order of April 2, 1963 dismissing the appeal.

On appeal in this Court, it is contended that the report of proceedings was in fact filed in the Trial Court within the time provided by the rules of this Court, so that the order dismissing the appeal was improper, and also defendant contends that there is insufficient evidence in the record to support the judgment against the defendant Liddell. It would unduly extend this opinion to specifically relate the evidence presented in the Trial Court. For our purposes it is sufficient to state that the invoices showed charges made to defendant, based upon the books and records of plaintiffs, of $22,190, upon which there was payment of $6,550, leaving a balance, according to plaintiffs' records of $15,640. Liddell had a land clearing

contract with the owner of the land, the Sherwood Land Company, of which he was an officer and owner of one-third of the stock. Liddell had contended that the contract which was entered into with plaintiffs was to have been based upon $80 per acre for standing timber, and $20 an hour for the rest, with a maximum of $8,000. Plaintiffs, on the other hand, contend that they refused to work at a rate to be determined by the acre, and that the agreement was for pay at the rate of $20 an hour, without any limitation.

█ A collateral issue is raised in this Court, which is somewhat obscure, to the effect that plaintiffs have joined with the president of the Sherwood Land Company for the purpose of forcing the defendant out of Sherwood Land Company. This point, apparently, is raised for the first time in this Court, and since it was not raised or adjudicated in the Trial Court, will not be considered by us (People ex rel. Lunn v. Chicago Title & Trust Co., 409 Ill 505, 100 NE2d 578).

█ It is contended, with some emphasis, that there is insufficient evidence in the record to support the judgment in this case. We have frequently stated that the Trial Judge, sitting in the case, has the obligation of finding facts and weighing the evidence, and that an Appellate Court could not determine the conclusions of the Trial Court to be against the manifest weight of the evidence simply because there are contradictions in the evidence which might have justified a different conclusion than that reached by the trier of the facts (Hall v. Department of Public Safety, 24 Ill App2d 190, 164 NE2d 239). The Trial Court was justified in finding, under the evidence, that the amount of time used by the plaintiffs on the job was reasonable under the circumstances; that there was no breach of duty to defendant as an employer (as contended by defendant); and that the employment

418

agreement was for $20 an hour, without any limitation as to the amount to be paid.

■ The only other basic issue raised on appeal before us relates to the question as to whether it was proper for the Trial Court to have entered the order dismissing the appeal on the ground that the report of proceedings had not been filed in the office of the Circuit Clerk within the period of fifty days. The record shows that the report of proceedings had been completed and prepared and that it was left, without filing, in the Circuit Clerk's office for the attorney for appellant. The attorney for appellant picked up the report of proceedings at the office of the Circuit Clerk well within the fifty day period from the Circuit Clerk, and thereafter, went to the Clerk's office for the purpose of aiding the Clerk in the preparation of the common law record and had with him the original report of proceedings, which was specified in the praecipe. He then handed the report of proceedings to the Deputy Circuit Clerk and requested that she file it. She thereupon placed a filing stamp on it and he told the Clerk that he was taking the record with him for transmission to the Appellate Court. At that time the Circuit Clerk and the Deputy were insisting that the attorney make up two complete copies of the record upon appeal and leave one of them in the Circuit Clerk's office, and the attorney stated that he explained to the Clerk that since the praecipe requested the original report of proceedings be included in the record on appeal it was not necessary for the Clerk to retain a copy in his office. The attorney took the report of proceedings with him and discovered that he had forgotten to have the Clerk sign the certificate, certifying the record. Thereafter, on another trip to have the Clerk certify the record he discovered that a motion had been filed to dismiss the appeal on the ground that the report of proceedings

was not filed within the fifty day period. The file stamp of the Circuit Clerk had been placed upon it within the fifty day period but the contention was made by appellee, in connection with the motion to dismiss the appeal, that the report of proceedings had not been filed in the sense that possession, custody, and control of it had been given to the Clerk.

We do not believe that under such facts it can be successfully maintained that the report of proceedings was not filed within the fifty day period, and to conclude that the appeal should be dismissed under such state of facts would be contrary to the spirit of the Practice Act and the regulatory provisions relating to appeal, including the fifty day period fixed for filing the report of proceedings. It is therefore our conclusion that the order of the Trial Court, dismissing the appeal, was improper.

Order dismissing appeal reversed.

Judgment affirmed.

SCHEINEMAN and HOFFMAN, JJ., concur.