**Harold Liddell, Plaintiff-Appellant, v. Noel Smith, Midwest Construction Company, a Corporation, Sherwood Land Company, a Corporation, Noel Smith Development Company, a Corporation, and Burnis Smith, Defendants-Appellees, and Cross Appellants.**

Gen. No. 64–105.

Fifth District.

November 1, 1965.

Rehearing denied December 22, 1965.

Craig & Craig, of Mt. Vernon (Glenn E. Moore and Ronald W. Polston, of counsel), for appellant.

Kern and Pearce, of Carmi, and Wham and Wham, of Centralia, for appellees.

GOLDENHERSH, J.

This is one of six appeals [1] growing out of a transaction involving farmlands in Wayne County, Illinois. In a prior appeal taken in this case (Liddell v. Smith, 43 Ill App2d 57, 193 NE2d 45) this court (then the Fourth District), affirmed the order of the Circuit Court of Wayne County, appointing a receiver pendente lite of Sherwood Land Company, one of the corporate defendants in this case, hereinafter called Sherwood. The facts are set forth in the opinion in Liddell v. Smith filed November 1, 1965, 65 Ill App2d 295, 213 NE2d 599, and will not be repeated here.

In his amended complaint, plaintiff alleges that he, defendant, Noel Smith, hereafter called Smith, and one James Castle, organized defendant, Sherwood, each taking one-third of the capital stock, that each of them

---

[1] Liddell v. Smith, 41 Ill App2d 408, 191 NE2d 260; Liddell v. Smith, 43 Ill App2d 57, 193 NE2d 45; Theofanopoulos v. Liddell, 44 Ill App2d 416, 194 NE2d 678; Liddell v. Smith, 345 F2d 491; Liddell v. Smith, 65 Ill App2d 295, 213 NE2d 599.

became a director and officer of Sherwood, that it was agreed that Sherwood would purchase uncleared timberlands in Wayne County, clear the land so as to make it suitable for farming, and then either sell the land or farm it; that the funds necessary to the transaction would be advanced by either defendant, Smith, or defendant, Midwest Construction Company, Ltd., hereafter called Midwest, owned and controlled by defendant, Smith; that defendant, Smith, would seek to make a loan on behalf of Sherwood in an amount sufficient to repay defendants, Smith and Midwest; that no money would be repaid defendants, Sherwood or Smith, until Sherwood, through the making of a long-term loan, or from its earnings, could pay off the entire indebtedness; that plaintiff and Castle agreed to clear the land for $50 per acre although the usual charge for such work was $80 per acre; that Sherwood bought 960 acres of land and then an additional 80 acres; that Castle assigned his shares in Sherwood to defendant, Smith, that defendant, Smith, agreed to transfer one-half of these shares to plaintiff and that plaintiff is seeking to enforce specific performance of this agreement in another suit pending between these parties; that the land was cleared and ready for cultivation on December 1, 1961; that the lands have been planted and the crop should be worth $50,000 to $70,000; that Sherwood has purchased and owns farm equipment; that defendant, Smith, entered into the transaction with the false and fraudulent intent of taking over all of Sherwood's assets after having obtained plaintiff's services in the land clearing project at substantially less than its value; that in furtherance of his scheme he caused Sherwood to execute various notes and mortgages to him or Midwest, secretly caused a 320 acre parcel, hereafter called the Peyton tract, to be conveyed to him rather than to Sherwood, has failed to make an effort to

355

obtain a loan for Sherwood, refused to consummate a sale to which plaintiff had consented, removed Sherwood's books and records from Illinois, usurped complete control of Sherwood, removed Sherwood's equipment to farms owned by him, used Sherwood's money and equipment to clear the 320 acre parcel while contending that he owned it, attempted to obtain an assignment of plaintiff's stock in Sherwood upon the representation that such assignment was necessary to effect a loan for Sherwood and upon plaintiff's refusal to make the assignment, threatened that the mortgages running to him and Midwest would be foreclosed, incurred large, unnecessary and fictitious bills for which Sherwood was liable, caused the records of Sherwood to show that defendant Burnis Smith, wife of defendant, Smith, was elected secretary of Sherwood.

Plaintiff prayed the issuance of an injunction restraining defendants, Smith and Burnis Smith, from conveying any of Sherwood's assets to defendants, Smith or Midwest, restraining defendants, Smith or Midwest, from foreclosing the various mortgages executed by Sherwood, and further that the defendant, Smith, be required to make an accounting of his various acts and doings; that a receiver be appointed to preserve Sherwood's assets and effect its liquidation, and that Smith be ordered to convey the Peyton tract to Sherwood.

The record shows that Midwest's name has been changed to Noel Smith Development Company, Ltd., but nevertheless, it shall be referred to as Midwest. The defendant, Burnis Smith, is the wife of defendant, Smith, and except for having been elected an officer and director of Sherwood, took no part in any of the transactions.

The circuit court rendered a decree finding the Peyton tract to be the property of defendant, Smith, and not of Sherwood, and ordered the sale of Sherwood's assets, and its dissolution. The decree restrained the defendants,

356

Smith and Midwest, from proceeding with the foreclosure of the mortgages executed by Sherwood.

Plaintiff appeals from that part of the decree which found defendant, Smith, to be the owner of the 320 acre parcel (the Peyton tract), and defendants cross-appealed from those portions of the decree which ordered the dissolution of Sherwood, and restrained defendants, Smith and Midwest, from foreclosing their respective mortgages on Sherwood's assets.

The evidence shows the execution by Sherwood of a number of promissory notes and of real estate and chattel mortgages purporting to secure the indebtednesses. Some of the notes and mortgages name Smith as payee and mortgagee, the others name Midwest. On July 11, 1963, Smith and Midwest filed suit in the District Court of the United States for the Eastern District of Illinois seeking to foreclose the various mortgages. The complaint alleges that Smith advanced various sums on behalf of Sherwood aggregating $185,695.08. The complaint further prays the entry of a judgment subordinating any claims which plaintiff may assert to Sherwood or its assets, to the various claims, notes and mortgages held by defendants Smith and Midwest.

The testimony offered in this case is lengthy and conflicting, and both sides offered numerous exhibits. In reviewing the record we are bound by the rule that when the chancellor sees the witnesses and listens to their testimony, his findings of fact will not be disturbed unless they are manifestly against the weight of the evidence. Schnepper v. Ashlock, 404 Ill 417, 88 NE2d 853. However, when it appears from a consideration of the entire record that the evidence does not justify the decree, it is the duty of this court to reverse it. Stephenson v. Kulichek, 410 Ill 139, 101 NE2d 542.

The evidence fully supports the findings of the trial court that Sherwood should be dissolved. The prayer

for dissolution is predicated upon ch 32, sec 157.86, Ill Rev Stats 1963, and the evidence establishes the presence of several grounds therein enumerated. Gidwitz v. Lanzit Corrugated Box Co., 20 Ill2d 208, 170 NE2d 131.

That portion of the decree which finds the 320 acre Peyton tract to be the property of defendant, Smith, is manifestly against the weight of the evidence. Bill Peyton, the former owner from whom the land was purchased, testified that he had told plaintiff that if he ever decided to sell this tract, he would sell to plaintiff. The original contract for sale was entered into between Peyton and his wife as vendors, and Sherwood as vendee. The earnest money came from Sherwood's funds. Smith's only explanation of why it was conveyed to him, rather than Sherwood, is that plaintiff did not live up to the terms of his agreement, that he had been required to pay for clearing work on the land, and when the time came to pay the Peytons, he caused it to be conveyed to him, rather than Sherwood.

The evidence shows that one William Theofanopoulos, usually called Bill Theo, was employed by written contract with Sherwood, to do clearing work on the Peyton parcel. Sherwood paid him $1,000 in cash, and the parties executed a contract for deed for 80 acres of land which Theo wanted to buy from Sherwood. Edward Clevenger testified that he worked for plaintiff as a tractor driver, and from time to time operated a dragline. As plaintiff's employee, he worked on the Peyton land, sweeping, raking and burning the timber cut down by Theo. Plaintiff testified that he worked on the Peyton land until November of 1961, and then stopped because he had strong suspicions of Smith's intentions, and because there were related to him a number of efforts on the part of Smith to sell the Peyton land, although he had not been consulted about a sale.

The evidence does not support Smith's right to summarily vest title in the Peyton land in himself.

Assuming that he expended funds for its improvement, his remedy is to recover the funds from Sherwood. By causing the property to be conveyed to him he acquired an interest therein, adverse to that of Sherwood, the corporate defendant, of which he was president, a director, and at least of record, the owner of 66⅔% of its stock. A corporate officer occupies a fiduciary relation to the corporation. Shlensky v. South Parkway Bldg. Corp., 19 Ill2d 268, 166 NE2d 793. When a corporate officer obtains an interest in property adverse to that of the corporation, the burden rests on him to prove by clear and convincing evidence that he has exercised good faith. Mile-O-Mo Fishing Club, Inc. v. Noble, 62 Ill App2d 50, 210 NE2d 12. In a letter written by Smith to one Herman Springer on April 19, 1961, he expressed his appreciation of Springer's suggestion that Burnis Smith, his wife, be named secretary of Sherwood, because "that way I will have full control." In a letter to Springer dated May 28, 1962, he stated "I have this deal under full control, except cancelling out Liddell. This will be done in a length of time." The letters indicate that Smith felt these actions were justified because all the money in the deal was his, or had been advanced by Midwest, which corporation Smith owned and controlled. Assuming this to be true, it would not sustain the burden of proof required of Smith as president, director and controlling shareholder of Sherwood that he had exercised good faith. Obviously Smith's knowledge of, and opportunity to acquire, the Peyton land arose from his corporate position, and since the record does not sustain the burden imposed upon him under these circumstances to prove by clear and convincing evidence that he had not breached the fiduciary relationship, a constructive trust must fasten to the property. Davis v. Hamlin, 108 Ill 39.

▆▆▆▆ Defendants contend that plaintiff by suing for the work performed on the Peyton tract, and recovering

a judgment in the amount of $3,000 has elected. his remedy, and is thereby barred from obtaining the remedy sought in this case. The doctrine of election of remedies does not apply where remedies are coexistent and consistent with each other. Paoli v. Zipout, Inc., 21 Ill App2d 53, 157 NE2d 79; Kaszab v. Metropolitan State Bank, 264 Ill App 358. There is no inconsistency in plaintiff's seeking a money judgment and a mechanic's lien while contending that the Peyton land was the property of Sherwood rather than Smith. Nor is there any merit in defendants' contention that plaintiff waived his right to a decree holding the land to be Sherwood's, rather than Smith's by reason of the fact that a count seeking that remedy was included in the complaint in a prior action, and dismissed prior to hearing of evidence after defendants were defaulted. The voluntary dismissal of a cause of action without prejudice does not preclude the filing of a new action. Paoli v. Zipout, Inc., 21 Ill App2d 53, 157 NE2d 79.

In view of the relationship between Smith, Midwest and Sherwood, the court correctly enjoined Smith and Sherwood from proceeding further with their efforts to foreclose the mortgages above described. The decree ordering the dissolution of Sherwood makes adequate provision for the determination of its liabilities and the priorities of the claims of its creditors, and for the sale and orderly distribution of its assets.

For the reasons herein set forth the decree of the Circuit Court of Wayne County is reversed insofar as it finds that the 320 acre parcel, known as the Peyton tract, is the property of defendant, Noel Smith, and is, as to all other parts thereof, affirmed, and the cause is remanded with directions to amend the decree previously entered so as to impress the said 320 acre parcel with a constructive trust for the benefit of Sherwood Land Company, a corporation, and ordering the defendant, Noel Smith, to convey to Sherwood Land Company, a corpo-

ration, all of his right, title and interest therein, and for further proceedings consistent with this opinion.

Decree affirmed in part, reversed in part, and cause remanded with directions.

EBERSPACHER, P. J. and MORAN, J., concur.