William Theofanopoulos and Sofia Theofanopoulos, Plaintiffs-Appellees, v. Harold Liddell, et al., Defendants, and Noel Smith and Sherwood Land Company, a Corporation, Garnishees-Appellants.

Gen. No. 68–86.

Fifth District.

April 9, 1969.

Rehearing denied May 26, 1969.

Kern and Pearce, of Carmi, and Wham and Wham, of Centralia, for appellants.

Marshall, Feiger, Robison & Quindry, and Cochran & Harrison, of Fairfield, for appellees.

GOLDENHERSH, P. J.

Defendants, Noel Smith, hereafter called Smith, and Sherwood Land Company, a corporation, hereafter called Sherwood, appeal from a Garnishment Judgment entered in the Circuit Court of Wayne County.

Plaintiffs obtained and this court affirmed, a judgment against Harold Liddell, hereafter called Liddell, in the amount of $15,640 (Theofanopoulos v. Liddell, 44 Ill App2d 416, 194 NE2d 678). Liddell was engaged in litigation against Smith and Sherwood (Liddell v. Smith, 41 Ill App2d 408, 191 NE2d 260; Liddell v. Smith, 43 Ill App 2d 57, 193 NE2d 45; Liddell v. Smith, 345 F2d 491; Liddell v. Smith, 65 Ill App2d 295, 213 NE2d 599; Liddell v. Smith, 65 Ill App2d 352, 213 NE2d 604) which extended over a period of several years.

On December 7, 1962, plaintiffs filed an affidavit for garnishment and on that date garnishment summons was issued directed to Sherwood, and on March 5, 1963, garnishment summons was issued directed to Smith. In its answer to the garnishment interrogatories Sherwood stated that at the time of the service of the garnishment summons it was not indebted to Liddell, and had no property of his in its possession. Smith answered that he had in his possession a certificate evidencing Liddell's ownership of 150 shares of the capital stock of Sherwood which Smith claimed was pledged to secure a debt due him from Liddell, that there was litigation pending in which Liddell claimed Smith was indebted to him, and Smith denied such indebtedness.

Plaintiffs brought a citation against Smith, and in response to the writ he produced the certificate for Sherwood shares. The court ordered the stock sold, a sale was advertised, but at plaintiffs' direction the sale was canceled and the execution withdrawn. The certificate was deposited with the Clerk of the Circuit Court of Wayne County where it remained until February 10, 1967.

In a decree entered on April 20, 1963, Liddell was awarded a judgment against Sherwood in the amount of $14,650 and a judgment against Smith in the amount of $3,000. On April 23, 1963, Smith and Sherwood filed amended answers to the garnishment interrogatories setting forth the entry of the judgments. Subsequently this court affirmed the judgment against Sherwood and reversed the judgment against Smith (65 Ill App2d 295, 213 NE2d 599).

Shortly after the amended answers were filed, Liddell's attorneys, a bank, and three individuals, filed interpleas claiming assignments to them of Liddell's judgment against Sherwood.

On February 10, 1967, the circuit court entered a "Decree upon Settlement" purporting to dispose of the matters involved in the appeals above enumerated. At that time the attorneys, the bank and the individual creditors withdrew their interpleas.

On April 11, 1967, Smith and Sherwood filed an amended and supplemental answer to the interrogatories in garnishment, in which they stated that at the time of the service of the garnishment summons Smith held the above described stock certificate; it was delivered to the sheriff in compliance with a citation; a levy was made and a sale thereof advertised; the sale was canceled and the execution withdrawn; the certificate was delivered to the Clerk of the Circuit Court of Wayne County who retained it until it was delivered to Smith pursuant to an order entered on February 10, 1967, upon settlement of the issues between Liddell and the garnishees; Harold Liddell being indebted to Clyde Liddell assigned the certificate to Clyde Liddell, who, on April 7, 1966, assigned it to Smith; on October 15, 1962, Harold Liddell assigned to Fairfield National Bank $15,000 of his recovery; this and three other assignments are of record; the sum of the amounts assigned was $19,650.12, being in excess of Liddell's judgment against Sherwood; on February 10,

1967, Smith paid $14,650, the amount of Liddell's judgment against Sherwood for the benefit of Liddell and the assignees, and their interpleas were withdrawn and their claims released; in October 1962, Harold Liddell assigned to Clyde Liddell $26,000 of any recovery against Smith or Sherwood.

Plaintiffs filed a traverse to the answer denying the material allegations therein contained.

The issues were tried to the circuit court on the amended and supplemental answer, and the traverse. Smith was the only witness, and his testimony and the exhibits received in evidence show that Smith paid $35,000 to Liddell's attorneys, who for that sum obtained releases from Liddell's assignees, and released their claim for fees. He also entered into an agreement with Clyde Liddell, and paid him a sum of money for an assignment of the Sherwood stock. Judgment was entered in favor of plaintiffs and against both garnishee-defendants in the amount of $19,730.48 and costs, and the court ordered that in the event the judgment be not paid within 30 days, the stock certificate be delivered to the sheriff and sold, the proceeds of the sale to be used to satisfy the judgment and costs.

As one of the grounds for reversal, defendants argue that at the time of service of the garnishment summons it was not certain that Liddell would obtain a judgment, an indebtedness is not subject to garnishment unless at the time for filing an asnwer it is in existence and either due, or to become due subsequently, and not subject to any contingency.

Chapter 62, section 43, Ill Rev Stats 1967, provides that the provisions of the Civil Practice Act apply to proceedings under the Garnishment Act except as otherwise expressly provided. Although section 43 of the Garnishment Act provides that the answer of the garnishee is considered denied without further pleading, the issues on which this case was tried are formed by the amended

and supplemental answer and the traverse. We are not confronted with the question of whether Sherwood was entitled to a discharge at the time of its original answer for the reason that no trial was had on the issues as presented at that time, no discharge was requested, and so far as the record reflects, the amended answer and the amended and supplemental answer were filed voluntarily, and not in compliance with any order of the court. Insofar as Smith is concerned, his answer showed possession of the stock certificate and no basis for discharge appears of record. At the time of trial there was an indebtedness due from Sherwood in the form of a judgment, and the indebtedness was not contingent or unliquidated.

Since the amended and supplemental answer shows a judgment in favor of Liddell and against Sherwood, and possession by Smith of a stock certificate standing in Liddell's name, the burden of proof is upon the garnishee-defendants to establish by a preponderance of the evidence the various affirmative defenses raised in their pleadings. Penn v. Progressive General Ins. Co., 74 Ill App2d 32, 219 NE2d 857.

The rule that the findings of a trial judge who hears a case without a jury will not be disturbed unless manifestly erroneous (People ex rel. Penrod v. Chicago & N. W. Ry. Co., 17 Ill2d 307, 161 NE2d 126) is applicable to a garnishment proceeding. From our review of the evidence we cannot say that the trial court's findings are erroneous insofar as it found the judgment against Sherwood and the shares of Sherwood stock to be subject to plaintiffs' garnishment.

Citing LaSalle Opera House Co. v. LaSalle Amusement Co., 289 Ill 194, 124 NE 454, Lobstein v. Lehn, 120 Ill 549, 12 NE 68, and Phelps v. Curts, 80 Ill 109, defendants argue that because the evidence shows that the payment made by Smith was used to discharge the claims based upon the assignments of the judgment, Smith is subrogated to the rights of the assignees. We do not quarrel

with the abstract statement of law but the record shows that at the time of trial the claims of the assignees were withdrawn, no assignment to Smith is shown by the record, and assuming, arguendo, that Smith is subrogated to the claims by reason of the payment, the evidence does not show the claims of the assignees to be superior to that of the garnishers. We have considered defendants' argument with respect to whose duty it was to notify the third-party claimants of the proceedings, and point out that the third-party claims were withdrawn, and if defendants wished to sustain their affirmative defense that the claims paid were superior to that of the garnishers it was incumbent upon them to produce the evidence in support of their contentions.

█ The evidence shows that there was no indebtedness subject to garnishment due from Smith to Liddell. The judgment against Smith was reversed, and the payment of $35,000 paid to dispose of the litigation, no part of which was paid to Liddell, was not an indebtedness subject to garnishment. A debt, to fall within the purview of the Garnishment Act must be due without contingency and represent a liquidated or readily ascertainable sum. Powell v. Prudence Mut. Cas. Co., 88 Ill App2d 343, 348, 232 NE2d 155. Liddell's claim against Smith does not meet those requirements. The money judgment against Smith must, therefore, be reversed.

█ The matter of the stock certificate, however, presents a different situation. The certificate, prima facie, showed ownership by Harold Liddell and the claims of Smith that it was pledged, and of Clyde Liddell that it was owned by him, raised fact issues for the trial court. We must assume that the judgment is based on findings adverse to Smith's claims, and the evidence does not warrant reversal.

Section 18 of the Garnishment Act (c 62, § 50) vests the trial court with equitable powers and the judgment order for delivery and sale of the certificate falls within its purview. We have examined the authorities cited by

defendants and do not find that they support the contention that in canceling the execution sale plaintiffs removed the shares from the garnishment. It is true that a sale under a writ of execution would have required the issuance of another writ, but there was no discharge from the garnishment. The certificate remained in the possession of the clerk of the circuit court and the priority of the claims adverse to that of plaintiffs was an issue for the trial court. The court erred in entering a money judgment against Smith but did not err in ordering the surrender of the certificate.

Although plaintiffs' recovery from Sherwood is limited to the amount of its indebtedness to Liddell, the shares of Sherwood standing in Liddell's name are subject to garnishment to the extent necessary to satisfy plaintiffs' judgment against Liddell in the full amount thereof, plus interest and costs.

For the reasons herein stated the judgment of the Circuit Court of Wayne County entered in favor of plaintiffs and against Sherwood Land Company is affirmed, and is remanded with directions to the trial court to vacate the judgment as entered, and enter judgment in favor of plaintiffs and against Sherwood Land Company in an amount equal to $14,650 plus interest at the statutory rate from the date of the entry of the judgment entered in favor of Harold Liddell against Sherwood Land Company. The money judgment entered against Noel Smith individually is reversed. The judgment against Noel Smith for surrender and sale of Certificate #2 for 150 shares of Sherwood Land Company is affirmed, and the cause is remanded to the Circuit Court of Wayne County for such further proceedings as are necessary to effectuate this portion of the judgment.

Judgment affirmed in part, reversed in part and remanded with directions.

MORAN and EBERSPACHER, JJ., concur.